# EXHIBIT A

EFiled:  Dec 19 2017 03:52PM EST
Transaction ID 61484881
Case No. N17C-12-263 MMJ

## IN THE SUPERIOR COURT FOR THE STATE OF DELAWARE

-------------------------------------------------------------------- X

LATRICE WATERS, Individually and as
Personal Representative of the Estate of
LIONEL NATHAN WATERS, Deceased,

Plaintiff,

   -against-

The   STATE   of   DELAWARE;   the
DEPARTMENT of PUBLIC SAFETY –
DIVISION of the STATE POLICE; Delaware
State Police Corporal and Superintendent;
LLOYD MCCANN; Delaware State Police
Trooper BRIAN HOLL; Delaware State
Police Trooper ANDREW OSGOOD, all of
whom are sued in their individual and their
official capacities,

Defendants.

**COMPLAINT**

**JURY TRIAL**

-------------------------------------------------------------------- X

Plaintiff Latrice Waters, individually and as administrator of the estate of

Lionel Nathan Waters, deceased, by her attorneys Beldock Levine & Hoffman LLP

and The Norman Law Firm as and for her complaint against the defendants alleges

as follows:

### PRELIMINARY STATEMENT

1.    This civil rights action seeks redress under 42 U.S.C. § 1983 and

Delaware State law for injuries Latrice Waters and Lionel Nathan Waters, deceased,

suffered as a result of the unconstitutional conduct of defendants Delaware State

Police, The Department of Public Safety-Division of the State Police, Delaware

State Police Corporal Lloyd McCann, Delaware State Police Trooper Brian Holl, and Delaware State Police Trooper Andrew Osgood.

2.      On December 20, 2015, following a pre-Christmas celebration with his children and friends, Lionel Nathan Waters was asleep when he was alerted to a knock at his front door by his two eldest children. After answering the door, Mr. Waters was told by a Delaware State Police Officer that he was looking for Richard Wilson, Mr. Waters' housemate. Mr. Waters informed the officer that Mr. Wilson was not home. Following a brief verbal exchange between Mr. Waters and three Delaware Police Officers, Defendant Lloyd McCann fired his Taser at Mr. Waters and engaged the Taser's shock mechanism at least three times within less than 30 seconds. As a result of the Taser shock, Mr. Waters became incapacitated, lost consciousness, and, after spending nearly three weeks in a coma, passed away on January 9, 2016.

3.      Plaintiff seeks redress for the substantial injuries she and her deceased husband, Lionel Nathan Waters, suffered: (i) compensatory damages for Mr. Waters' wrongful death, psychological and emotional distress, and other financial loss caused by the illegal actions of the defendants; (ii) punitive damages to deter such intentional or reckless deviations from well-settled constitutional law; and (iii) such other and further relief, including costs and attorney's fees, as this Court deems equitable and just.

**JURISDICTION**

4.     Jurisdiction is conferred upon this Court since the alleged actions occurred in the State of Delaware and by 28 U.S.C. §§ 1331 and 1343(a)(3) and (4), as this action seeks redress for the violation of Plaintiff's constitutional and civil rights, pursuant to 42 U.S.C. § 1983 and 42 U.S.C. § 1988.

5.     Supplemental jurisdiction is conferred upon this Court by 28 U.S.C. § 1367(a) over any and all state law claims that are so related to the federal claims that they form part of the same case or controversy.

**VENUE**

6.     Venue is proper as the events giving rise to Plaintiff's claims took place in the State of Delaware.

**JURY DEMAND**

7.     Plaintiff demands a trial by jury in this action on each and every one of his claims for which jury trial is legally available.

**THE PARTIES**

8.     Lionel Nathan Waters was a 35-year-old, father of five, United States military veteran, lifelong resident of the State of Delaware, and a citizen of the United States who passed away on January 9, 2016.

9.      Latrice Waters is a citizen of the United States and the State of Delaware, Lionel Nathan Waters' widow, and was at all times relevant to this complaint a resident of the State of Delaware.

10.     Defendant State of Delaware is a public entity subject to suit pursuant to Delaware law.  In addition, at all relevant times, the State was responsible for the policies, customs, and practices enacted by the Division of the State Police, as well as the training, supervision, implementation of procedures,  and conduct pertaining to all matters within the Department of Public Safety-Division of State Police, as well as its employees and agents, including all police officers.

11.     Defendant the Department of Public Safety – Division of State Police ("the "DSP") is an agency of the State of Delaware and authorized by law to maintain a police department, and does maintain the DSP, which acts as its agent of the State in the area of law enforcement and for which it is ultimately responsible.  The State assumes the risks incidental to the maintenance of a police force and the employment of police officers.

12.     Defendants DSP Officers Lloyd McCann, Brian Holl, and Andrew Osgood are DSP Officers who unlawfully used excessive force against Lionel Nathan Waters resulting in his wrongful death.

13.     Upon information and belief, Defendant Officers McCann, Holl, and Osgood are still DSP Officers, collectively ("Defendant Officers").

14.     At all times relevant herein, Defendant Officers McCann, Holl, and

Osgood have acted under color of state law in the course and scope of their duties

and/or functions as agents, employees, and/or officers of the State and/or DSP, and

incidental to the lawful pursuit of their duties as agents, employees, and/or officers

of the State of Delaware and/or the DSP.

15.     At all times relevant herein, Defendant Officers McCann, Holl, and

Osgood violated clearly established rights and standards under the Fourth and

Fourteenth Amendments of the United States Constitution, of which a reasonable

police officer in their circumstances would have known.

## STATEMENT OF FACTS

16.     Lionel Nathan Waters was a veteran of the United States Military, a

father of five children ranging in age from three to 17 at the time of this incident,

and a lifelong resident of the State of Delaware.

17.     On December 20, 2015, Mr. Waters was hosting a pre-Christmas

celebration with his children and friends at his home in Milford, Delaware.

18.     Richard Wilson, a 36-year-old African-American rented a room in Mr.

Waters' home.

19.     Mr. Wilson was present for a portion of the holiday celebration, but left

the house in the late afternoon.

20.     Mr. Waters' pre-Christmas celebration included exchanging gifts, playing games, and a contest, in which Mr. Waters served as the judge, to see whom among Mr. Waters' children and guests had prepared the best dish for the celebration.

21.     At approximately 10:00 PM, the last of Mr. Waters' guests left his home and he was alone with four of his children.

22.     Mr. Waters, who was scheduled to work at 5:00 AM the following morning, went to his basement bedroom at approximately 10:15 PM, leaving his two eldest children in the living room to play video games.

23.     Upon information and belief, Defendants MCCANN, HOLL, and OSGOOD (collectively "Defendant Officers") were dispatched by the Dover Police Department to serve a warrant on Mr. Wilson for violating a Protection from Abuse Order.

24.     Upon information and belief, none of the officers applied for or obtained a nighttime search warrant prior to attempting to serve the warrant on Mr. Wilson.

25.     On information and belief, the incident which gave rise to the violation occurred  on the night of December 20, 2015.

26.     At approximately 11:00 PM, Mr. Waters' two oldest children heard a knock at the front door.

27.     The person(s)knocking did not identify themselves to the children.

28.     Mr. Waters' two oldest children walked to their father's bedroom to alert him that someone was at the door.

29.     Mr. Waters walked up to the main floor with his two eldest children and instructed them to go into a bedroom in the back of the house where his two youngest children were sleeping.

30.     Upon information and belief, Mr. Waters walked to his front door, turned on the porch light, and opened the front door.

31.     Mr. Waters' front porch light is solar powered and sometimes does not provide adequate lighting to see the porch area.

32.     Upon information and belief, Mr. Waters' was holding a flashlight when he answered the door, which he generally used to provide extra lighting when his front porch light was not operating at full capacity.

33.     Upon information and belief, as Mr. Waters opened the front door he saw at least one officer walking away from the house and towards his car, which was parked on the street, approximately 20-30 feet from the house.

34.     Upon information and belief, after Mr. Waters opened the front door one of the Defendant Officers stated that he was there to serve a warrant on Mr. Wilson.

35.     Mr. Waters responded that Mr. Wilson was not home.

36. Upon information and belief, Defendant Holl had previously been dispatched to Mr. Water's home to investigate a robbery and interviewed both Mr. Wilson and Mr. Waters.

37. Upon information and belief, Defendant McCann had looked at a picture of Mr. Wilson prior to arriving at Mr. Waters' home.

38. Defendant Officers repeatedly asked Mr. Waters if he was Mr. Wilson.

39. Mr. Waters repeatedly told the Defendant Officers he was not Mr. Wilson and that Mr. Wilson was not there.

40. A verbal exchange between Mr. Waters and the Defendant Officers continued for several minutes.

41. Upon information and belief, Defendant McCann drew his TASER, pointed it at Mr. Waters, fired it, and engaged the TASER's electroshock trigger.

42. One of the TASER darts struck Mr. Waters' penis.

43. Upon information and belief, DSP are instructed not to aim or shoot TASERs at an individual's groin or genitalia area.

44. The TASER shock caused Mr. Waters to fall backwards through the threshold of his front door and onto the ground of the floor of his living room.

45. Upon information and belief, all the Defendant Officers rushed into Mr. Waters' home without his consent or the consent of anyone else.

46.     Upon information and belief, within the next thirty seconds, Defendant MCCANN deployed his TASER at least two additional times, resulting in Mr. Waters complete incapacitation.

47.     Upon information and belief, a TASER should not be deployed more than once in a thirty second period.

48.     Upon information and belief, as Mr. Waters laid helpless and incapacitated on his living room floor, the Defendant Officers together rolled him onto his stomach and handcuffed him behind the back.

49.     One of the Defendant Officers began walking through the house and found four of Mr. Waters' children in a bedroom in the back of the house.

50.     A Defendant Officer ordered the children to stay in the bedroom and prevented them from leaving.

51.     Upon information and belief, the two other Defendant Officers began searching Mr. Waters' home.

52.     Upon information and belief, at approximately this time, several other Delaware State Police Officers arrived at Mr. Waters' home.

53.     Upon information and belief, several minutes after the Defendant Officers had handcuffed Mr. Waters they noticed that he was struggling to breathe.

54.     Upon information and belief, a Defendant Officer called for an ambulance.

55.    Upon information and belief, Emergency Medical Technicians ("EMTs") responded to the scene approximately 10 minutes after receiving the call for an ambulance.

56.    Upon information and belief, the EMTs performed CPR and other lifesaving procedures upon their arrival at Mr. Waters' home.

57.    Upon information and belief, Mr. Waters was did not respond to the lifesaving medical procedures.

58.    Upon information and belief, Mr. Waters was loaded into the back of the ambulance and transported to Milford Memorial Hospital, where he was received at approximately 11:10 PM.

59.    The hospital admission notes state that Mr. Waters had been "tazed by police and became unresponsive."

60.    Mr. Waters was diagnosed as being "post cardiac arrest after being tazed by police."

61.    After being assigned to a room at Milford Memorial Hospital, Mr. Waters was handcuffed to the bed and a DSP Officer was assigned to stand outside his room.

62.    When Mr. Waters' family members went to the hospital to inquire about his status, Milford Memorial Hospital officials said they could not provide any information because Mr. Waters was in police custody.

63.     On December 22, 2015, DSP officers were no longer stationed outside Mr. Waters' hospital door.

64.     Mr. Waters did not regain consciousness and was diagnosed as having suffered extensive, irreversible brain damage due to lack of blood flow and oxygen supply to the brain during the cardiac arrest.

65.     Mr. Waters was pronounced dead on January 9, 2016, at Milford Memorial Hospital.

## FIRST CAUSE OF ACTION
### Wrongful Death

66.     Plaintiff realleges and incorporates by reference each and every allegation set forth in the foregoing paragraphs as if fully set forth herein.

67.     The acts of the Defendants, in tasering Mr. Waters, and otherwise alleged herein, wrongfully caused the death of Mr. Waters.

68.     As a direct and proximate result of these Defendants' violations of the Constitutional rights of Mr. Waters, which resulted in his death, Plaintiff Latrice Waters, individually and as Administratrix of the Estate of Lionel Nathan Waters, claims as damages pecuniary loss including medical expenses, funeral expenses, and lost earning, as well as non-economic damages including conscious pain and mental anguish and physical injuries suffered by Mr. Waters prior to his death and the consequential loss of enjoyment of life.

## SECOND CAUSE OF ACTION
### 42 U.S.C. § 1983 – Individual Defendant Officers' Violations of Plaintiff's Fourth Amendment Right to Be Free From the Use of Excessive Force

69.     Plaintiff realleges and incorporates by reference each and every allegation set forth in the foregoing paragraphs as if fully set forth herein.

70.     In committing the acts and omissions complained of herein, defendants McCann, Holl, and Osgood acted under color of state law to deprive plaintiff of the right to be free from the use of excessive force.

71.     Mr. Waters was not the subject of the warrant and was complying with the officers' directions.

72.     Defendant McCann tased Mr. Waters three times within a thirty second period.

73.     Defendants Holl and Osgood failed to intervene despite having a duty to do so.

74.     In committing the acts and omissions complained of herein, defendants breached their affirmative duty to intervene to protect the constitutional rights of citizens from infringement by other law enforcement officers in their presence.

75.     As a direct and proximate result of defendants' deprivation of plaintiff's constitutional rights, plaintiff suffered the injuries and damages set forth above.

76.    The unlawful conduct of defendants McCann, Holl, and Osgood was willful, malicious, oppressive, and/or reckless, and was of such a nature that punitive damages should be imposed.

### THIRD CAUSE OF ACTION
**42 U.S.C. § 1983 – Individual Defendant Officers' Violations of Plaintiff's Fourth Amendment Right to Be Free From Unreasonable Search and Seizure**

77.    Plaintiff realleges and incorporates by reference each and every allegation set forth in the foregoing paragraphs as if fully set forth herein.

78.    In committing the acts and omissions complained of herein, defendants McCann, Holl, and Osgood entered the threshold of Mr. Waters home without a warrant, consent, or exigent circumstances.

79.    The police officer defendants acted under color of state law to deprive plaintiff of the right to be free from unreasonable search and seizure;

80.    In committing the acts and omissions complained of herein, defendants breached their affirmative duty to intervene to protect the constitutional rights of citizens from infringement by other law enforcement officers in their presence.

81.    As a direct and proximate result of defendants' deprivation of plaintiff's constitutional rights, plaintiff suffered the injuries and damages set forth above.

82.    The unlawful conduct of defendants McCann, Holl, and Osgood was willful, malicious, oppressive, and/or reckless, and was of such a nature that punitive damages should be imposed.

## FOURTH CAUSE OF ACTION
### 42 U.S.C. § 1983 – Individual Defendant Officers' Violations of Plaintiff's Fourth Amendment Right to Be Free From False Arrest Without Probable Cause

83.     Plaintiff realleges and incorporates by reference each and every allegation set forth in the foregoing paragraphs as if fully set forth herein.

84.     In committing the acts and omissions complained of herein, defendants McCann, Holl, and Osgood acted under color of state law to deprive plaintiff of the right to be free from arrest without probable cause.

85.     Holl and Osgood breached their affirmative duty to intervene to protect the constitutional rights of citizens from infringement by other law enforcement officers in their presence.

86.     As a direct and proximate result of defendants' deprivation of plaintiff's constitutional rights, plaintiff suffered the injuries and damages set forth above.

87.     The unlawful conduct of defendants McCann, Holl, and Osgood were willful, malicious, oppressive, and/or reckless, and was of such a nature that punitive damages should be imposed.

## FIFTH CAUSE OF ACTION
### 42 U.S.C. § 1983 – Individual Defendant Officers' Violations of Plaintiff's Fourth Amendment Right to Be Free From the Lodging of False Criminal Charges Against Him by Defendant Officers

88.     Plaintiff realleges and incorporates by reference each and every allegation set forth in the foregoing paragraphs as if fully set forth herein.

89.    In committing the acts and omissions complained of herein, defendants McCann, Holl, and Osgood acted under color of state law to deprive plaintiff the right to be free from the lodging of false criminal charges against him by police officers.

90.    In committing the acts and omissions complained of herein, defendants breached their affirmative duty to intervene to protect the constitutional rights of citizens from infringement by other law enforcement officers in their presence.

91.    As a direct and proximate result of defendants' deprivation of plaintiff's constitutional rights, plaintiff suffered the injuries and damages set forth above.

92.    The unlawful conduct of defendants McCann, Holl, and Osgood were willful, malicious, oppressive, and/or reckless, and was of such a nature that punitive damages should be imposed.

### SIXTH CAUSE OF ACTION
**42 U.S.C. § 1983 – Individual Defendant Officers' Violations of Plaintiff's Fourteenth Amendment Right to Be Free From Deprivation of Liberty Without Due Process of Law**

93.    Plaintiff realleges and incorporates by reference each and every allegation set forth in the foregoing paragraphs as if fully set forth herein.

94.    In committing the acts and omissions complained of herein, defendants McCann, Holl, and Osgood acted under color of state law to deprive plaintiff of the right to be free from deprivation of liberty without due process of law.

95.     In committing the acts and omissions complained of herein, defendants breached their affirmative duty to intervene to protect the constitutional rights of citizens from infringement by other law enforcement officers in their presence.

96.     As a direct and proximate result of defendants' deprivation of plaintiff's constitutional rights, plaintiff suffered the injuries and damages set forth above.

97.     The unlawful conduct of defendants McCann, Holl, and Osgood were willful, malicious, oppressive, and/or reckless, and was of such a nature that punitive damages should be imposed.

## SEVENTH CAUSE OF ACTION
### Violations of the Delaware State Constitution

98.     Plaintiff realleges and incorporates by reference the allegations set forth in the foregoing paragraphs as if fully set forth herein.

99.     Such conduct breached the protections guaranteed to plaintiff by the Delaware State Constitution, including but not limited to, Article 1, § 6, and including the following rights:

    a.  freedom from unreasonable search and seizure of her person and property; and

    b.  freedom from arrest without probable cause;

100.    As a direct and proximate result of defendants' deprivations of plaintiff's rights, privileges, and immunities guaranteed by the Delaware State Constitution, Mr. Waters suffered the injuries and damages set forth above.

101.   Plaintiff is entitled to recover against Defendants under the common law of Delaware for Mr. Waters' injuries and their losses.

## EIGHTH CAUSE OF ACTION
### Individual Defendant Officers' Fabrication of Evidence

102.   Plaintiff realleges and incorporates by reference the allegations set forth in the foregoing paragraphs as if fully set forth herein.

103.   Defendant McCann unlawfully used excessive force against Plaintiff when they shot him with a Taser within his home.

104.   In order to protect themselves from disciplinary action, defendants McCann, Holl, and Osgood fabricated conduct on the part of Plaintiff, including but not limited to falsely claiming that Plaintiff possessed a firearm.

105.   Defendants McCann, Holl, and Osgood fabricated the evidence in bad faith.

106.   The fabrication of evidence caused undue hardship on plaintiff who had to overcome this prejudicial evidence.

107.   Defendants McCann, Holl, and Osgood misused their power, possessed by virtue of state law, and made possible only because defendants McCann, Holl, and Osgood were clothed with the authority of state.

## NINTH CAUSE OF ACTION
### Gross of Wanton Negligence Against Individual Defendants

108.   Plaintiff realleges and incorporates by reference the allegations set forth in the foregoing paragraphs as if fully set forth herein.

109.   At all relevant times alleged herein, defendants McCann, Holl, and Osgood owed plaintiff a duty of care to use only the amount of force necessary to apprehend and detain plaintiff.

110.   At all relevant times alleged herein, defendants McCann, Holl, and Osgood owed plaintiff a duty not to arrest him without probable cause.

111.   Defendants McCann, Holl, and Osgood breached their duty to plaintiff by arresting him without probable cause.

112.   Defendant McCann breached this duty by shooting plaintiff three time with a Taser in his own house.

113.   Moreover, defendants McCann, Holl, and Osgood breached their duty to plaintiff by failing to use a reasonable amount of force to subdue a suspect who was in his own home and not acting in a threatening manner.

114.   Defendants McCann acted with reckless indifference to the welfare of plaintiff and his actions in shooting plaintiff three times with a Taser within plaintiff's home when there was a clear path to retreat.

115.   As a direct and proximate result of the grossly negligent actions of defendants McCann, Holl, and Osgoods, plaintiff lost consciousness, was placed on life support, and subsequently died from the aforementioned injuries he sustained.

116.   Defendants McCann, Holl, and Osgood were acting within the course and scope of their employment with the corporate defendants at the time of the incident, which is the basis of this lawsuit.

117.   Defendants, State of Delaware and Department of Public Safety – Division of State Police, are responsible for the conduct of defendants McCann, Holl, and Osgood under the doctrine of *respondeat superior* due to the master-servant relationship which existed at the time of the incident, and which is the basis of this lawsuit.

118.   Plaintiff's allegations of gross or wanton negligence against defendants are not barred by the Delaware State Tort Claims Act (10 Del. C. Section 4001) as sovereignty is not a valid defense to allegations of gross or wanton negligence.

119.   Defendants McCann, Holl, and Osgood had a duty to conduct themselves as reasonably prudent police officers flowing the standard operating procedures and training of the Delaware State Police.

120.   Defendants McCann, Holl, and Osgood had a duty to avoid making a late-night, warrantless entry into Mr. Waters's residence without consent or exigent circumstances.

121.   Defendants McCann, Holl, and Osgood had a duty to avoid seizing and arresting plaintiff without justification.

122.   Defendants McCann, Holl, and Osgood had a duty to avoid applying physical force to plaintiff without justification.

123.   Defendants McCann, Holl, and Osgood breached these duties by using a Taser against plaintiff without justification, and wantonly violating other standard operating procedures and training of the Delaware State Police.

124.   As a result, plaintiff suffered serious injuries

## TENTH CAUSE OF ACTION
### Negligent Infliction of Emotional Distress

125.   Plaintiff realleges and incorporates by reference the allegations set forth in the foregoing paragraphs as if fully set forth herein.

126.   As police officers acting in the performance of their duties, McCann, Holl, and Osgood owed Plaintiff a duty of care.

127.   In breach of that duty, defendants McCann, Holl, and Osgood endangered Mr. Waters' safety and caused him physical harm and to fear for his safety.

128.   As a result, Mr. Waters suffered emotional distress and Plaintiff is entitled to recover against Defendants under the common law of Delaware.

## ELEVENTH CAUSE OF ACTION
### Assault

129.   Plaintiff realleges and incorporates by reference the allegations set forth in the foregoing paragraphs as if fully set forth herein.

130.   Defendant MCCANN's actions as described above were without Mr. Waters' consent.

131.   Defendant MCCANN, without just cause willfully and maliciously used physical force against Mr. Waters, causing him severe injury and, subsequently, his death.

132.   Defendant MCCANN committed the foregoing acts intentionally, wilfully, and with malicious disregard for Mr. Waters' rights, and are therefore liable for punitive damages.

133.   Defendant MCCANN's actions were unreasonable and unjustified under the circumstances.

134.   Plaintiff is entitled to recover against Defendant MCCANN under the common law of Delaware for Mr. Waters' resulting injuries and losses.

## TWELFTH CAUSE OF ACTION
### Battery

135.   Plaintiff realleges and incorporates by reference the allegations set forth in the foregoing paragraphs as if fully set forth herein.

136.   Defendants' actions as described above were without Mr. Waters' consent.

137.   The amount of force Defendants McCann, Holl, and Osgood used against Mr. Waters was excessive.

138. Defendants McCann, Holl, and Osgood committed an intentional, willful, and malicious battery against Mr. Waters when the shot him with their Tasers.

139. Plaintiff is entitled to recover against Defendants McCann, Holl, and Osgood under the common law of Delaware for Mr. Waters' injuries and losses.

## THIRTEENTH CAUSE OF ACTION
### False Arrest

140. Plaintiff realleges and incorporates by reference the allegations set forth in the foregoing paragraphs as if fully set forth herein.

141. Defendants McCann, Holl, and Osgood arrested Mr. Waters on unspecified charges. Upon Mr. Waters' death, those charges were dropped.

142. Defendants McCann, Holl, and Osgood did not have probable cause to arrest Mr. Waters.

143. Plaintiff is entitled to recover against Defendants McCann, Holl, and Osgood under the common law of Delaware for Mr. Waters' injuries and losses.

## FOURTEENTH CAUSE OF ACTION
### Loss of Consortium

144. Plaintiff realleges and incorporates by reference the allegations set forth in the foregoing paragraphs as if fully set forth herein.

145. Mr. and Ms. Waters were at all relevant times married.

146.   Mr. Waters suffered injuries that have deprived Ms. Waters of benefits which formerly existed in their marriage.

147.   Plaintiff has valid state law causes of action for recovery against Defendants as stated herein.

148.   Under the common law of Delaware, Ms. Waters is entitled to recover from Defendants for her loss of society and services.

## FIFTEENTH CAUSE OF ACTION
### Negligent Hiring, Training, and Supervision Under State Law

149.   Plaintiff realleges and incorporates by reference the allegations set forth in the foregoing paragraphs as if fully set forth herein.

150.   The State is liable to Plaintiff because of its intentional, deliberately indifferent, careless, reckless, and/or negligent failure to adequately hire, train, supervise, and discipline its agents, servants, and/or employees employed and/or the DSP with regard to their aforementioned duties.

## DEMAND FOR RELIEF

**WHEREFORE**, Plaintiff demands the following relief against the defendants, jointly and severally:

(a)   compensatory damages in an amount just and reasonable and in conformity with the evidence at trial;

(b)   punitive damages from defendants McQueen, McCann, Holl, and Osgood;

(c)   attorney's fees pursuant to 42 U.S.C. §1983;

23

(d)   the costs and disbursements of this action;

(e)   interest; and

(f)   such other and further relief as this Court deems just and proper.

Dated:      December 19, 2017

THE NORMAN LAW FIRM
30838 Vines Creek Road, Unit 3
Dagsboro, DE 19939
(302) 537-3788

BELDOCK LEVINE & HOFFMAN

LLP

99 Park Avenue, PH/26th Floor
New York, New York 10016
(212) 490-0400

/s/ Stephen P. Norman
Stephen P. Norman
Keith Szczepanski
David B. Rankin
*Attorneys for Plaintiff Latrice Waters,*
*Individually and as Administratrix of the*
*Estate of Lionel Nathan Waters*

# EXHIBIT B

Printed on: 2/15/2018 16:35:05 GMT-0500 (Eastern Standard Time)

**Case History Search**
Search Created:
2/15/2018 16:35:05 GMT-0500 (Eastern
Standard Time)

| | | | | | |
|---|---|---|---|---|---|
| **Court:** | DE Superior Court-New Castle County | **Judge:** | Johnston, Mary M | **File & ServeXpress Live Date:** | 12/19/2017 |
| **Division:** | | **Case Number:** | N17C-12-263 MMJ | **Document(s) Filed:** | 14 |
| **Case Type:** | CMIS - Civil Miscellaneous | **Case Name:** | Latrice Waters vs. The State of Delaware, et al. | **Date Range:** | All |

1-7 of 7 transactions　　<<Prev　Page 1 of 1　Next>>

| Transaction | ▼Date/Time | Option | Case Number Case Name | Authorizer Organization | # | Document Type | Document Title | Review Status | Size |
|---|---|---|---|---|---|---|---|---|---|
| 61633920 | 2/1/2018 11:03 AM EST | File Only | N17C-12-263 MMJ Latrice Waters vs. The State of Delaware, et al. | Sheriff New Castle County, New Castle County DE Sheriffs Office | 4 | Sheriffs Return | Corporation or Business Without A Registered Agent SERVED - STATE OF DELAWARE leaving with Ilona Kinshon (Deputy State Solicitor) - 1-31-18 | Accepted | 0.1MB |
| 61633922 | 2/1/2018 11:03 AM EST | File Only | N17C-12-263 MMJ Latrice Waters vs. The State of Delaware, et al. | Sheriff New Castle County, New Castle County DE Sheriffs Office | 6 | Sheriffs Return | Corporation or Business Without A Registered Agent SERVED - LLOYD McCANN, Delaware State Police Corporal and Superintendent leaving with Ilona Kinshon (Deputy State Solicitor) - 1-31-18 | Accepted | 0.1MB |
| 61633923 | 2/1/2018 11:03 AM EST | File Only | N17C-12-263 MMJ Latrice Waters vs. The State of Delaware, et al. | Sheriff New Castle County, New Castle County DE Sheriffs Office | 3 | Sheriffs Return | Corporation or Business Without A Registered Agent SERVED - BRIAN HOLL, Delaware State Police Trooper leaving with Ilona Kinshon (Deputy State Solicitor) - 1-31-18 | Accepted | 0.1MB |
| 61633924 | 2/1/2018 11:03 AM EST | File Only | N17C-12-263 MMJ Latrice Waters vs. The State of Delaware, et al. | Sheriff New Castle County, New Castle County DE Sheriffs Office | 5 | Sheriffs Return | Corporation or Business Without A Registered Agent SERVED - ANDREW OSGOOD, Delaware State | Accepted | 0.1MB |

| | | | | | | | Police Trooper leaving with Ilona Kinshon (Deputy State Solicitor) - 1-31-18 | | |
|---|---|---|---|---|---|---|---|---|---|
| 61633925 | 2/1/2018 11:03 AM EST | File Only | N17C-12-263 MMJ Latrice Waters vs. The State of Delaware, et al. | Sheriff New Castle County, New Castle County DE Sheriffs Office | 7 | Sheriffs Return | Corporation or Business Without A Registered Agent SERVED - DEPARTMENT OF PUBLIC SAFETY - DIVISION OF PUBLIC SAFETY leaving with Ilona Kinshon (Deputy State Solicitor) - 1-31-18 | Accepted | 0.1MB |
| 61604085 | 1/24/2018 11:00 AM EST | File And Serve | N17C-12-263 MMJ Latrice Waters vs. The State of Delaware, et al. | Susan SAH Hearn, DE Superior Court-New Castle County | 2 | Writ(s) Issued | (5) WRITS ISSUED ON JANUARY 17, 2018 | Accepted | 0.1MB |
| 61484881 | 12/19/2017 3:52 PM EST | File Only | N17C-12-263 MMJ Latrice Waters vs. The State of Delaware, et al. | Stephen Price Norman, Norman, Stephen P | 1 | Complaint | Complaint | Accepted | 0.1MB |
| | | | | | | Case Information Statement | Civil Case Information Statement (CIS) | Accepted | 0.1MB |
| | | | | | | Praecipe | Praecipe | Accepted | 0.1MB |
| | | | | | | Summons | Summons for the State of Delaware | Accepted | 0.1MB |
| | | | | | | Summons | Summons for Department of Public Safety - Division of the State Police | Accepted | 0.1MB |
| | | | | | | Summons | Summons for Lloyd McCann | Accepted | 0.1MB |
| | | | | | | Summons | Summons for Brian Holl | Accepted | 0.1MB |
| | | | | | | Summons | Summons for Andrew Osgood | Accepted | 0.1MB |

# EXHIBIT C

## IN THE SUPERIOR COURT OF THE STATE OF DELAWARE

LATRICE WATERS, Individually          :
and as Personal Representative of the :
Estate of LIONEL NATHAN WATERS,       :
Deceased,                             :
      Plaintiffs,                   :   C.A. No. N17C-12-263-MMJ
                     :
v.                                    :
                     :
The STATE OF DELAWARE; the            :
DEPARTMENT of PUBLIC                  :
SAFETY-DIVISION of the STATE          :
POLICE; Delaware State Police,        :
Corporal and Superintendent;          :
LLOYD McCANN; Delaware State          :
Police Trooper BRIAN HOLL;            :
Delaware State Police Trooper         :
ANDREW OSGOOOD, all of whom           :
are sued in their individual and their :
official capacities,                  :
          Defendants.              :

## NOTICE OF FILING OF NOTICE OF REMOVAL

TO:   CLERK OF THE SUPERIOR COURT OF DELAWARE

Please take notice that on this 15th day of February, 2018, Defendants,

filed a Notice of Removal of the above-captioned matter to the United States

District Court for the District of Delaware.  A copy of the Notice of Removal is

attached as Exhibit "A."

In accordance with 28 U.S.C. § 1446(d), this Notice, together with the

Notice of Removal filed in the United States District Court for the District of

Delaware, has effected a removal of this case from the Superior Court of the

State of Delaware, to the United States District Court for the District of

Delaware. This Court "shall proceed no further unless and until this case is remanded." 28 U.S.C. § 1446(d).

> **STATE OF DELAWARE**
> **DEPARTMENT OF JUSTICE**
> /s/ Michael F. McTaggart
> Michael F. McTaggart (#2682)
> Lauren Maguire (#4261)
> Deputy Attorneys General
> 820 N. French Street, 6th Floor
> Wilmington, DE 19801
> (302) 577-8400
> Attorneys for Defendants

DATED: February 15, 2018

**IN THE SUPERIOR COURT OF THE STATE OF DELAWARE**

LATRICE WATERS, Individually                      :
and as Personal Representative of the             :
Estate of LIONEL NATHAN WATERS,                   :
Deceased,                                         :
     Plaintiffs,                                :   C.A. No. N17C-12-263-MMJ
v.                                                :
                                                  :
The STATE OF DELAWARE; the                        :
DEPARTMENT of PUBLIC                              :
SAFETY-DIVISION of the STATE                      :
POLICE; Delaware State Police,                    :
Corporal and Superintendent;                      :
LLOYD McCANN; Delaware State                      :
Police Trooper BRIAN HOLL;                        :
Delaware State Police Trooper                     :
ANDREW OSGOOOD, all of whom                       :
are sued in their individual and their            :
official capacities,                              :
          Defendants.                       :

<u>CERTIFICATE OF SERVICE</u>

On February <u>15,</u> 2018, I do hereby certify that I caused a copy of the

foregoing *Notice of Filing of Notice of Removal* to be served on the parties via

File&ServeXpress e-service to the following:

Steve Norman, Esq.
The Norman Law Firm
30838 Vines Creek Road, Unit #3
Dagsboro, DE 19939

                       **STATE OF DELAWARE**
                       **DEPARTMENT OF JUSTICE**
                       <u>/s/ Michael F. McTaggart</u>
                       Michael F. McTaggart (#2682)
                       Deputy Attorney General

820 N. French Street, 6th Floor
Wilmington, DE  19801
(302)  577-8400
Attorney for Defendants