### IN THE UNITED STATES DISTRICT COURT
### IN AND FOR THE STATE OF DELAWARE

| | |
|---|---|
| LATRICE WATERS, Individually and as Personal Representative of the Estate of LIONEL NATHAN WATERS, Deceased, <br>     Plaintiffs, <br> v. <br><br> The STATE OF DELAWARE; the DEPARTMENT of PUBLIC SAFETY-DIVISION of the STATE POLICE; Delaware State Police, Corporal and Superintendent; LLOYD McCANN; Delaware State Police Trooper BRIAN HOLL Delaware State Police Trooper ANDREW OSGOOOD, all of whom are sued in their individual and their official capacities, <br>     Defendants. | C.A. No. 18-266-RGA |

### DEFENDANTS' ANSWER TO COMPLAINT

Defendants ("Answering Defendants") by and through counsel, file an answer to the Amended Complaint, and deny all allegations of liability. Answering Defendants respond as follows:

1. Admitted that plaintiffs have filed a section 1983 civil rights action; the remainder of the averment is denied. The averment is further objectionable for failure to comply with FED. R. CIV. PRO. 8.

2. Admitted that Mr. Lionel Waters passed away on or about January 9, 2016; the remainder of the averment is denied. The averment is further objectionable for failure to comply with FED. R. CIV. PRO. 8.

3. This averment states a conclusion of law which is denied, and it is denied that plaintiff are entitled to any form of damages or fees, or any other type of relief.

4. This is a legal conclusion that requires no response.

5. This is a legal conclusion that requires no response.

6. This is a legal conclusion that requires no response.

7. Defendant denies that plaintiff is entitled to a jury trial on each and every claim raised in the complaint, and denies that plaintiff is entitled to any jury trial on any claim for equitable relief to the extent such a claim is raised in this complaint.

8. Admitted that Mr. Waters was approximately thirty-five years old, and passed away on or about January 9, 2016; answering defendants lack sufficient information to admit or deny the remainder of the averment, and to the extent a response is required, denied.

9. Answering defendants lack specific information to admit or deny this averment.

10.-11. Admitted that the State of Delaware is a State under Delaware law and that Delaware State Police ("DSP") is a Delaware State agency under Delaware law; the remainder of these two averments contain a multitude of legal conclusions which require no legal response, to the extent a response is required, denied.

12. Admitted that Corporal Lloyd McCann, and Troopers Brian Holl and Andrew Osgood are DSP officers; denied that any of these officers used excessive force and denied that any of these officers committed any act that resulted in Mr. Waters' death, and denied that Mr. Waters suffered a "wrongful death" as alleged in this paragraph.

13. Admitted.

14. This averment sets forth a legal conclusion that requires no response, to the extent a response is required, denied.

15. This averment sets forth legal conclusions that are denied, and are further improper in that it contains improper collective pleading of liability against all defendants.

16. Answering defendants admit that Mr. Waters was a father of children and a resident of Delaware; answering defendants lack sufficient information to admit or deny the remainder of this averment, to the extent a response is required, denied.

17. Answering defendants lack sufficient information to admit or deny the remainder of this averment, to the extent a response is required, denied.

18. Answering defendants lack sufficient information to admit or deny the remainder of this averment, to the extent a response is required, denied.

19. Answering defendants lack sufficient information to admit or deny the remainder of this averment, to the extent a response is required, denied.

20. Answering defendants lack sufficient information to admit or deny the remainder of this averment, to the extent a response is required, denied.

21. Answering defendants lack sufficient information to admit or deny the remainder of this averment, to the extent a response is required, denied.

22. Answering defendants lack sufficient information to admit or deny the remainder of this averment, to the extent a response is required, denied.

23. Denied.

24. Admitted.

25. Admitted that named defendant officers were present at the property of Mr. Waters on or about December 20, 2015; the portion of the averment that states that a "violation occurred" is denied.

26. Answering defendants lack sufficient information to admit or deny the remainder of this averment, to the extent a response is required, denied; it is further denied that any officer knocked on the door at 11:00 P.M.

27. Denied that the police officer defendants did not identify themselves when knocking on the door of the residence at 607 Milford Harrington Highway, Milford, Delaware; and denied that the police officer defendants knocked on the door to speak to children in the house.

28. Answering defendants lack sufficient information to admit or deny the remainder of this averment, to the extent a response is required, denied.

29. Answering defendants lack sufficient information to admit or deny the remainder of this averment, to the extent a response is required, denied.

30. Admitted that at some point Mr. Waters did open the front door of the residence.

31. Answering defendants lack sufficient information to admit or deny the remainder of this averment, to the extent a response is required, denied.

32. Denied.

33. Answering defendants lack sufficient information to admit or deny the remainder of this averment, to the extent a response is required, denied.

34. Answering defendants lack sufficient information to admit or deny the remainder of this averment, to the extent a response is required, denied.

35. Denied.

36. Admitted that Trooper Holl had previously had contact with Mr. Waters; the remainder of the averment is denied.

37. Admitted.

38. Denied.

39. Denied.

40. Admitted that there was a short verbal exchange between Mr. Waters and the defendant officers; the remainder of the averment is denied.

41. Admitted that Defendant McCann deployed his Taser but only after Mr. Waters had displayed a firearm, and refused to drop the firearm after some period of time; the remainder of the averment is denied.

42. Admitted that one of the taser darts unintentionally struck Mr. Waters' penis.

43. Admitted.

44. Answering defendants lack sufficient information to admit or deny the remainder of this averment, to the extent a response is required, denied.

45. Denied.

46. Admitted that Corporal McCann deployed his taser; the remainder of this averment is denied.

47. This is a legal conclusion that requires no response; to the extent a response is required, denied.

48. Admitted that Mr. Waters was handcuffed at some point by some officers; the remainder of the averment is denied.

49.-50. Admitted that police officers checked on children in the house; denied that children were ordered to stay in a bedroom or ordered not to leave.

51. Denied.

52. Admitted that police officers arrived from various police departments.

53. Answering defendants lack sufficient information to admit or deny the remainder of this averment, to the extent a response is required, denied.

54. Admitted that an ambulance was called, the remainder of the averment is denied.

55. Admitted that Emergency Medical Technicians arrived at the residence at some point; answering defendants lack sufficient information to admit or deny the remainder of this averment, to the extent a response is required, denied.

56. Answering defendants lack sufficient information to admit or deny this averment, to the extent a response is required, denied.

57. This averment is confusing and answering defendants do not understand the language of the averment.  Answering defendants lack sufficient information to admit or deny the remainder of this averment, to the extent a response is required, denied.

58. Answering defendants admit that Mr. Waters was transported to Milford Memorial Hospital; answering defendants lack sufficient information to admit or deny the remainder of this averment and to the extent a response is required, denied.

59. Answering defendants lack sufficient information to admit or deny this remainder of this averment, to the extent a response is required, denied.

60. Answering defendants lack sufficient information to admit or deny this remainder of this averment, to the extent a response is required, denied.

61. Answering defendants lack sufficient information to admit or deny this remainder of this averment, to the extent a response is required, denied.

62. Answering defendants lack sufficient information to admit or deny this remainder of this averment, to the extent a response is required, denied.

63. Answering defendants lack sufficient information to admit or deny this remainder of this averment, to the extent a response is required, denied.

64. Admitted upon information and belief that Mr. Watters did not regain consciousness; answering defendants lack sufficient information to admit or deny this remainder of this averment, to the extent a response is required, denied.

65. Admitted that Mr. Waters died on or about January 9, 2016; answering defendants lack sufficient information to admit or deny the remainder of this averment.

### FIRST CAUSE OF ACTION-Wrongful Death

66. This is a reincorporation paragraph that requires no specific response.

67. This legal conclusion and all factual averments are denied.

68. Answering defendants object to this averment which contains multiple allegations in violation of FED. R. CIV. PRO. 8, and without waiving any objection, deny all factual allegations and legal conclusions.

### SECOND CAUSE OF ACTION-42 U.S.C. section 1983

69. This is a reincorporation paragraph that requires no specific response.

70. This averment contains multiple legal conclusions which are all denied and all factual allegations are denied.

71. Admitted that Mr. Waters was not the subject of a warrant; the remainder of the averment is denied.

72. Answering defendants lack sufficient information to admit or deny, to the extent a response is required, denied.

73. This averment contains legal conclusions which are denied.

74. This averment contains multiple legal conclusions which are all denied and all factual averments are denied.

75. This averment contains multiple legal conclusions which are all denied and all factual averments are denied.

76. This averment contains multiple legal conclusions which are all denied and all factual averments are denied.

### THIRD CAUSE OF ACTION-42 U.S.C. section 1983

77. This is a reincorporation paragraph that requires no specific response.

78. This averment contains multiple legal conclusions which are all denied and all factual averments are denied.

79. This averment contains multiple legal conclusions which are all denied and all factual averments are denied.

80. This averment contains multiple legal conclusions which are all denied and all factual averments are denied.

81. This averment contains multiple legal conclusions which are all denied and all factual averments are denied.

82. This averment contains multiple legal conclusions which are all denied and all factual averments are denied.

### FOURTH CAUSE OF ACTION-42 U.S.C. section 1983

83. This is a reincorporation paragraph that requires no specific response.

84. -87. These averments contain boilerplate allegations which do not even state what particular conduct is alleged to have constituted false arrest and all vague legal conclusions are hereby denied and all factual averments are denied.

### FIFTH CAUSE OF ACTION-42 U.S.C. section 1983

88. This is a reincorporation paragraph that requires no specific response.

89.-92.  These averments contain boilerplate allegations which do not even state what particular conduct is alleged to have constituted false arrest and all vague legal conclusions are hereby denied and all factual averments are denied.

## SIXTH CAUSE OF ACTION-42 U.S.C. section 1983

93.  This is a reincorporation paragraph that requires no specific response.

94.-97.  These averments contain boilerplate allegations which do not even state what particular conduct is alleged to have constituted false arrest and all vague legal conclusions are hereby denied and all factual averments are denied.

## SEVENTH CAUSE OF ACTION-Delaware Constitutions

98.  This is a reincorporation paragraph that requires no specific response.

99.-101.  These averments contain boilerplate allegations which do not even state what particular conduct is alleged to have constituted false arrest and all vague legal conclusions are hereby denied; these averments also are objected to as they appear to raise a claim for damages on behalf of a search of an unknown female's person and all factual averments are denied.

## EIGHTH CAUSE OF ACTION-Fabrication of Evidence

102.  This is a reincorporation paragraph that requires no specific response.

103.  This averment contains multiple legal conclusions which are all denied and all factual averments are denied.

104.  This averment contains multiple legal conclusions which are all denied and all factual averments are denied.

105.  This averment contains legal conclusions which are denied, and all factual averments are denied, and it is denied that any defendant fabricated any evidence, and denied that any defendant in any way acted in bad faith and all factual averments are denied.

106. Denied that any defendant fabricated any evidence and the remainder of the averment is denied.

107. This averment contains multiple legal conclusions which are all denied and all factual averments are denied.

### NINTH CAUSE OF ACTION-Gross or Wanton Negligence

108. This is a reincorporation paragraph that requires no specific response.

109. This averment states a legal conclusion which is denied.

110. This averment states a legal conclusion which is denied.

111. This averment contains multiple legal conclusions which are all denied and all factual averments are denied.

112. This averment contains multiple legal conclusions which are all denied and all factual averments are denied.

113. This averment contains multiple legal conclusions which are all denied and all factual averments are denied.

114. This averment contains multiple legal conclusions which are all denied and all factual averments are denied.

115. This averment contains multiple legal conclusions which are all denied and all factual averments are denied.

116. Admitted, but and all factual averments raised in this Cause of Action are denied.

117. This averment contains multiple legal conclusions which are all denied and all factual averments are denied.

118. This averment contains multiple legal conclusions which are all denied and all factual averments are denied.

119.-124.   These averments contain multiple legal conclusions which are all denied and all factual averments are denied.

### TENTH CAUSE OF ACTION-Negligent Infliction of Emotional Distress

125.   This is a reincorporation paragraph that requires no specific response.

126-128.   These averments contain multiple legal conclusions which are all denied and all factual averments are denied.

### ELEVENTH CAUSE OF ACTION-Assault

129.   This is a reincorporation paragraph that requires no specific response.

130.   This averment is overly vague and Answering Defendants cannot knowingly provide a response; without waiving any objection, admitted that Mr. Waters did not consent to being tased.

131.-134.   These averments contain multiple legal conclusions which are all denied and all factual averments are denied.

### TWELTH CAUSE OF ACTION-Battery

135.   This is a reincorporation paragraph that requires no specific response.

136.   This averment is overly vague and Answering Defendants cannot knowingly provide a response; without waiving any objection, admitted that Mr. Waters did not consent to being tased.

137.-139.   These averments contain multiple legal conclusions which are all denied.

### THIRTEENTH CAUSE OF ACTION-False Arrest

140.   This is a reincorporation paragraph that requires no specific response.

141.-143.   These averments contain multiple legal conclusions which are all denied and all factual averments are denied.

### FOURTEENTH CAUSE OF ACTION-Loss of Consortium

144. This is a reincorporation paragraph that requires no specific response.

145. Answering defendants lack sufficient information to admit or deny, to the extent a response is required, denied.

146.-148. These averments contain multiple legal conclusions which are all denied.

### FIFTEENTH CAUSE OF ACTION-Negligent Hiring, Training, and Supervision

149. This is a reincorporation paragraph that requires no specific response.

150. These averments contain multiple legal conclusions which are all denied and all factual averments are denied.

WHEREFORE, Answering Defendants deny that plaintiffs are entitled to any of the forms of relief set forth in their Demand for Relief.

### First Defense

151. The complaint fails to state a claim for which relief can be granted.

### Second Defense

152. The matter is barred in whole or in part by qualified immunity under federal and state law.

### Third Defense

153. The claims are barred in whole or in part by the doctrines of Eleventh Amendment immunity and sovereign immunity.

### Fourth Defense

154. The complaint fails to state a claim for which injunctive relief can be granted, to the extent plaintiffs seek such relief.

### Fifth Defense

155. The claims are barred in whole or in part by the Delaware State Tort Claims Act.

### Sixth Defense

156. The claims are barred in whole or in part by Delaware state law defenses of justification and self-defense under 11 *Del. C*. ch. 4.

### Seventh Defense

157. The claims that are based on the Delaware Constitution are legally barred as a matter of law.

### Eighth Defense

158. The named party Delaware State Police Corporal and Superintendent listed in the caption is not a proper party and does not exist

WHEREFORE, the Answering Defendants ask for judgment in their favor for all that is just and proper, including dismissal of the action and assessment of costs against the plaintiff.

        **STATE OF DELAWARE**
        **DEPARTMENT OF JUSTICE**
        /s/ Michael F. McTaggart
        Michael F. McTaggart (#2682)
        Deputy Attorney General
        820 N. French Street, 6th Floor
        Wilmington, DE  19801
        (302)  577-8400
        Michael.McTaggart@state.de.us
        Attorney for Defendants

DATED: March 29, 2018

## IN THE UNITED STATES DISTRICT COURT
## IN AND FOR THE STATE OF DELAWARE

| | | |
|---|---|---|
| LATRICE WATERS, Individually | : | |
| and as Personal Representative of the | : | C.A. No. 18-266-RGA |
| Estate of LIONEL NATHAN WATERS, | : | |
| Deceased, | : | |
| Plaintiffs, | : | |
| v. | : | |
| | : | |
| The STATE OF DELAWARE; the | : | |
| DEPARTMENT of PUBLIC | : | |
| SAFETY-DIVISION of the STATE | : | |
| POLICE; Delaware State Police, | : | |
| Corporal and Superintendent; | : | |
| LLOYD McCANN; Delaware State | : | |
| Police Trooper BRIAN HOLL; | : | |
| Delaware State Police Trooper | : | |
| ANDREW OSGOOOD, all of whom | : | |
| are sued in their individual and their | : | |
| official capacities, | : | |
| Defendants. | : | |

**CERTIFICATE OF SERVICE**

On March <u>29</u>, 2018, I certify that I served the Answer to the Complaint by CM/ECF upon

the following named individual/s:


Steve P. Norman, Esquire
The Norman Law Firm
30838 Vines Creek Road, Suite 3
Dagsboro, DE 19899-0951
Attorney for Plaintiff

                                              **STATE OF DELAWARE**
                                              **DEPARTMENT OF JUSTICE**
                                              <u>/s/ Michael F. McTaggart</u>
                                              Michael F. McTaggart (#2682)
                                              Deputy Attorney General
                                              820 N. French Street, 6th Floor
                                              Wilmington, DE 19801
                                              (302) 577-8400
                                              Attorneys for Defendants